[Civ. No. 1078.   Fourth Appellate District.—December 22, 1933.]

J. EDGAR ROSS et al., Appellants, v. JUSTICE COURT OF BRAWLEY TOWNSHIP et al., Respondents.

J. Edgar Ross, *in pro. per.*, for Appellants.

W. E. Abraham for Respondents.

BARNARD, P. J.—This is an appeal by one of the parties from an order vacating and discharging a writ of review issued for the purpose of reviewing certain proceedings had in a justice's court.   After the filing of appellant's opening brief the respondent moved to affirm the judgment on the ground that the questions raised are so unsubstantial as not to need further argument.

The only record before us consists of copies of certain papers purporting to have been originally filed in the justice's court in another action, with a copy of a writ of review issued by the superior court, a copy of a minute order taking under submission a motion to discharge the writ, and a copy of the order discharging the writ of review. The papers apparently filed in the justice's court, although not so certified, are the complaint, amended complaint, *alias* summons, amended affidavit for attachment, amended under-

taking on attachment, amended writ of attachment and second amended complaint.

The petition for a writ of review which must have initiated this proceeding is not before us and nothing appears in the record to show in what manner it is claimed the justice's court exceeded its jurisdiction. Nor are we further enlightened by the appellant. While the opening brief states that the petition for a writ of review alleged that "certain proceedings" in the justice's court were "in excess of that court's jurisdiction" the brief fails entirely to inform us as to what proceedings are referred to. The only authorities cited are directed to the point that the acts of a justice's court in excess of its jurisdiction may be reviewed in a superior court, and the only argument made is that the return before the superior court clearly shows that the justice's court had exceeded its jurisdiction and, therefore, the order dismissing the writ was erroneous. We can neither tell from the record here what return was before the superior court when the matter came on at the time set for hearing nor how any jurisdiction was exceeded. If the copies of the papers filed in the justice's court, which are included in this record, constituted the return before the superior court, it was entirely insufficient to show anything done by the justice's court in excess of its jurisdiction.

We may add that if we are correct in our surmise that the real claim is that an attachment was issued in the original action which was in excess of the court's jurisdiction, the contention is not sustained by the record before us.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 20, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1934.